In the Matter of the Estate of MARGARET A. MAGEE, Deceased.

Surrogate's Court, New York County, November 15, 1940.

*Greene & Greene*, for the petitioner.

*Gillespie & O'Connor*, for The Catholic Charities of the Archdiocese of New York, respondent.

*James J. O'Connell*, for the Society for the Propagation of the Faith of the Archdiocese of New York, respondent.

*Saypol & Kotler*, for Madeleine Quackenbush, respondent.

FOLEY, S. In this proceeding, brought for the construction of the will, three questions are presented for determination. *First*, the identity of a charitable legatee described in the will as " Catholic charities " and the validity and effectiveness of the legacy given to it. *Second*, if the legatee is identified, whether the residuary bequest to " Catholic charities " was intended to encompass all the remaining property of the testatrix after the disposition of certain pecuniary legacies and specific legacies of personal property and a specific devise of real property. *Third*, the identity of a legatee described in the will as " Propagation of Faith * * * (Madison Ave & 50 St N Y C )."

For the purpose of avoiding the taking of extrinsic evidence on the first question, the parties have commendably agreed to a stipulation of the admitted facts. These facts clarify beyond doubt any ambiguity which might have arisen from the mere words used by

the testatrix in her holographic will. She plainly intended by the use of the words " Catholic charities " to vest the residue in the " Catholic Charities of the Archdiocese of New York, Inc." She had been a contributor to that corporation in her lifetime. Moreover, the shorter name used by the testatrix in her will is customarily used and is well recognized in this community as descriptive of the formal name of the corporate beneficiary set forth above.

On the second question, I hold that the residuary clause constitutes a valid and complete disposition of all remaining property not previously devised or bequeathed in the will. The word " residue," contained in the final dispositive clause of the will, is broad and comprehensive. A further phrase in the sentence, which reads " including stocks and cash in banks," was merely descriptive and did not impose a limitation upon the general and complete distribution of the entire balance of the estate. The final sentence also contained a reference to a list of the bank accounts and securities which the testatrix possessed. This list was not offered for probate as part of the will nor was it included in the will as admitted to probate. It cannot, therefore, in any way affect the interpretation of the residuary clause. The will made a complete disposition of all the property of the testatrix and nothing passed by intestacy.

Upon the third question, the surrogate finds that the testatrix in her description of the legatee " Propagation of Faith " intended to vest the gift in " The Society for the Propagation of the Faith of the Archdiocese of New York." That society is located at 462 Madison avenue, borough of Manhattan, New York city, at the corner of Fiftieth street, which address accords with the words of location employed by the testatrix in her will.

Submit decree on notice construing the will and directing payment of the legacies to the above-named charitable corporations.